UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE


HILLERICH & BRADSBY CO.,                                                    PLAINTIFF


v.                                              CIVIL ACTION NO. 3:13-CV-00978-CRS


CHARLES PRODUCTS, INC.                                          DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff Hillerich & Bradsby, Co.'s ("Hillerich & Bradsby") motion to exclude the testimony of Defendant Charles Products, Inc.'s ("Charles Products") purported expert, Quin D. Dodd. For the reasons stated below, the Court will deny Hillerich & Bradsby's motion.


## BACKGROUND

Plaintiff Hillerich & Bradsby filed a complaint alleging breach of contract against Defendant Charles Products seeking to rescind a sales agreement and recoup a full refund and consequential damages. *See* Pl.'s Compl., ECF No. 1-1. Hillerich & Bradsby alleges the relevant products did not conform to the Consumer Product Safety Improvement Act of 2008 ("CPSIA") requirements and were therefore defective. *Id.* Hillerich & Bradsby specifically alleges Charles Products provided items containing more than the allowable lead content and products that did not comply with tracking label requirements. *Id.* ¶ 5.

Charles Products disclosed Dodd as an expert witness and provided his expert report on November 19, 2014. Dodd was chief of staff for the Acting Chairman of the Consumer Product

Safety Commission ("CPSC") from 2005 to 2008. Def.'s Expert Disclosures Dodd ¶ 2, ECF No. 34-2. As chief of staff, he "helped draft and negotiate with Congress on the drafting of many of the provisions of the [CPSIA]," including provisions relating to lead limits in particular consumer products; tracking label requirements for children's products; and third party laboratory testing and certification requirements for particular consumer products. *Id.* ¶¶ 2, 30. From 2008 to 2011, Dodd was in private practice as Counsel, then Member, with a law firm, where he "focused [his] practice exclusively on product safety and CPSC issues and matters." *Id.* ¶ 3. From 2011 to present, Dodd has been a sole practitioner representing a variety of clients on matters related to the CPSC. *Id.* ¶ 1. Dodd has spoken at over a hundred conferences and seminars and published numerous articles in the CPSC law field. *Id.* ¶ 7.

> Dodd's disclosure states he provided opinions relating to the following issues:
>
> > (a) The requirements and legal effect of non-compliance with certain provisions of the CPSIA, especially the Section 103 Tracking Label Requirements, and the Section 102 Certification Requirements;
> >
> > (b) The manner in which these provisions of the CPSIA have been and are currently being enforced by the CPSC; and
> >
> > (c) Conformance (compliance) of the products at issue with the CPSIA Tracking Label Requirements and Certification Requirements.

*Id.* ¶ 34. In providing these opinions, Dodd stated that he reviewed:

> (a) Complaint by Hillerich & Bradsby, Inc. against Charles Products.
>
> (b) Test report re: "Tracking Labels for Children's Products," from Underwriters Laboratories/STR ("UL"). (Dated November 12, 2012, Testing ID #100087824).
>
> (c) The expert disclosures and report of Mr. Alan Schoem and its exhibits.
>
> (d) Deposition testimony of Ann Jewel.
>
> (e) Test report re: "Total Lead in Non-Metal Children's Products" from Michelson Laboratories, Inc. (Dated April S, 2012, Report #040512-C97124A).
>
> (f) Samples of products at issue.

(g) Charles Products Certificates of Compliance for products at issue.

*Id.* ¶ 17.

Hillerich & Bradsby moves to exclude Dodd's testimony.

## DISCUSSION

### 1.  Admissibility of Expert Testimony

"The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible." Fed. R. Evid. 104(a). Under Fed. R. Evid. 104(a), the evidence's proponent has the burden to establish admissibility by a preponderance of the evidence. *Bourjaily v. United States*, 483 U.S. 171, 172 (1987).

Fed. R. Evid. 702 governs the admissibility of expert testimony. The Rule provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> > (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> >
> > (b) the testimony is based on sufficient facts or data;
> >
> > (c) the testimony is the product of reliable principles and methods; and
> >
> > (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

The Court has a "general gatekeeping obligation … to exclude from trial expert testimony that is unreliable and irrelevant." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993); *Conwood Co. v. U.S. Tobacco Co.*, 290 F.3d 768, 792 (6th Cir. 2002). This obligation extends to all expert testimony, not only scientific experts. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999). The Court's gatekeeper role "is not intended to serve as a replacement for the adversary system." *United States v. 14.38 Acres of Land Situated in Leflore*

*County, Mississippi*, 80 F.3d 1074, 1078 (5th Cir. 1996). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence," not the Court barring that evidence. *Daubert*, 509 U.S. at 595.

In assessing expert admissibility, the Court must evaluate whether evidence proffered under Fed. R. Evid. 702 "both rests on a reliable foundation and is relevant to the task at hand." *Id.* at 597. A key consideration is "whether the reasoning or methodology underlying the testimony is sufficiently valid." *Id.* at 592–93.

While there is no "definitive checklist or test" for meeting the Fed. R. Evid. 702 standard, factors that generally "bear on the inquiry" include whether the theory or method in question "can be (and has been) tested;" whether it "has been subjected to peer review and publication;" whether it has a "known or potential rate of error;" and whether it enjoys "general acceptance" in the "relevant scientific community." *Id.* at 593–94 (internal quotations omitted); *see also Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 527 (6th Cir. 2012). However, the Sixth Circuit has "recognized that the four specific factors utilized in Daubert may be of limited utility in the context of non-scientific expert testimony." *First Tenn. Bank Nat. Ass'n v. Barreto*, 268 F. 3d 319, 334 (6th Cir. 2001). "*Daubert*'s list of specific factors neither necessarily nor exclusively applies to all experts or in every case." *Kumho Tire Co.,* 526 U.S. at 141. "In some cases (even cases involving non-scientific expert testimony), the factors may be pertinent, while in other cases 'the relevant reliability concerns may focus upon personal knowledge or experience.'" *Barreto*, 268 F. 3d at 335 (quoting *Kumho Tire Co.*, 526 U.S. at 150). For example, that a non-scientific expert's opinions have not "been subjected to the crucible of peer review, or that their validity has not been confirmed through empirical analysis, does not render them unreliable and

4

inadmissible." *Id.* at 334. When expert testimony is non-scientific, "experience alone—or experience in conjunction with other knowledge, skill, training, or education" may be sufficient to satisfy the requirements. Fed. R. Evid. 702 (advisory committee notes).

Generally, "a trial judge ... ha[s] considerable leeway in deciding whether particular expert testimony is reliable," *Kumho Tire*, 526 U.S. at 152; *Tamraz v. Lincoln Electric Co.*, 620 F.3d 665, 672 (6th Cir. 2010) ("Rule 702, we recognize, does not require anything approaching absolute certainty. And where one person sees speculation, we acknowledge, another may see knowledge, which is why the district court enjoys broad discretion over where to draw the line.") (internal citations omitted).

### 2. Expert Testimony of Quin D. Dodd

Plaintiff Hillerich & Bradsby moves to exclude the testimony of Defendant Charles Products' expert, Quin D. Dodd. Plaintiff argues (1) that Dodd is unqualified to state the opinions in his report; (2) that those opinions do not meet the factors set out in *Daubert*; and (3) that Dodd's opinions are based on speculation. Pl.'s Mot. Exclude Test. 11-12, ECF No. 34-1; Pl.'s Reply Def.'s Resp. Mot. Exclude Test, 5-6, ECF No. 49. The Court finds Dodd does meet the requirements under Fed. R. Evid. 702 by a preponderance of the evidence. The Court will deny Plaintiff's motion.

Hillerich & Bradsby's allegation that Charles Products breached its contract is founded upon Plaintiff's contention that "[c]ertain of the products delivered to Plaintiff … failed to meet the applicable mandates of the [CPSIA]." Pl.'s Compl. ¶ 5, ECF No. 1-1. As former chief of staff for the Acting Chairman of the CPSC, Dodd "helped draft and negotiate with Congress on the drafting of many of the provisions of the [CPSIA]." Def.'s Expert Dodd Disclosures ¶ 2, ECF

No. 34-2. These provisions – including those relating to lead limits in particular consumer products; tracking label requirements for children's products; and third party laboratory testing and certification requirements for particular consumer products – are relevant to whether Charles Products breached its contract with Hillerich & Bradsby. *See id.* ¶ 30. After leaving his position at the CPSC, Dodd continued to focus his private practice on CPSC related issues. *Id.* ¶ 1-3.

The Court finds that Dodd's involvement in the drafting of the CPSIA's relevant provisions and continued professional involvement in the field qualifies Dodd as an expert to provide opinions relevant to the CPSIA and its applicability. In compliance with Fed. R. Evid. 702, Dodd's experience with the CPSIA, which is a complex federal statute designed to "establish consumer product safety standards and other safety requirements for children's products and to reauthorize and modernize the [CPSC]," will assist the trier of fact in understanding how the statute functions and its applicability to the relevant evidence. CPSIA, Pub. L. 110–314, 122 Stat. 3016, Aug. 14, 2008. Further, Dodd's testimony is based on his experience within the CPSC, drafting the relevant statute, and practicing in the field since his departure from the CPSC. This experience is sufficient expertise to satisfy Rule 702. This Court also finds Dodd reliably applied the knowledge acquired from his experience in producing his testimony analyzing the facts of this case.

Furthermore, Dodd is not required to meet each factor set out in *Daubert*. As previously discussed, "the four specific factors utilized in Daubert may be of limited utility in the context of non-scientific expert testimony." *Barreto*, 268 F. 3d at 334. Here, "the relevant reliability concerns … focus upon personal knowledge or experience," in particular the knowledge and experience gained from participating in drafting the CPSIA, working as the former chief of staff at the CPSC, and Dodd's continued professional involvement in the field. *Id.* (quoting *Kumho*

*Tire Co.*, 526 U.S. at 150). Dodd's opinions, for example, are not rendered unreliable or inadmissible because they have not been subjected to peer review or confirmed through empirical analysis.

Finally, Hillerich & Bradsby argues that Dodd bases his opinions "on unsupported speculation and subjective belief." Pl.'s Reply Def.'s Resp. Mot. Exclude Test, 6, ECF No. 49. As already discussed, however, Dodd's opinions are based on appropriate experience for a non-scientific expert to satisfy Fed. R. Evid. 702.

The Court will deny Plaintiff Hillerich & Bradsby's motion.

**3.  Request to Strike**

Hillerich & Bradsby requests this Court to strike Dodd's "Declaration" Charles Products attached to its response to this motion. *See* Pl.'s Reply Def.'s Resp. Mot. Exclude Test, 1-5, ECF No. 49. This request is improperly included in Plaintiff's Reply. The Court will not consider this request and has not considered the Declaration in deciding the present motion. If Hillerich & Bradsby still desires to move this Court to strike the declaration, then it should file a separate motion so the Court may consider the matter fully briefed.

A separate order will be entered in accordance with this opinion.

November 13, 2015

**Charles R. Simpson III, Senior Judge**
**United States District Court**

7