UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

HILLERICH & BRADSBY, CO.,                                                                        PLAINTIFF

v.                                                                       CIVIL ACTION NO. 3:13-CV-00978-CRS

CHARLES PRODUCTS, INC.                                                                           DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Hillerich & Bradsby, Co.'s motion under Federal Rules of Civil Procedure 59(e) and 60 to alter, amend, and vacate the judgment entered November 13, 2015. For the following reasons, the Court will deny Plaintiff's motion.

The purpose of Rule 59 is to allow district courts to correct their own errors immediately following the entry of judgment. *See White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982); *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). The Court may grant a Rule 59 motion only if Plaintiff demonstrates that there is either "a clear error of law; …newly discovered evidence or an intervening change in the controlling law; or …manifest injustice." *Heil Co. v. Evanston Ins. Co.*, 690 F.3d 722, 728 (6th Cir. 2012) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). Rule 59 motions are not opportunities for an unsuccessful litigant another shot with the same arguments and facts to persuade the judge. *Castro v. Morris*, No. 3:12-CV-74-S (W.D. Ky. Sept. 12, 2012). Rule 59(e) motions to alter or amend judgments "are extraordinary and sparingly granted." *Marshall v. Johnson*, No. 3:07-CV-171-H (W.D.Ky. Apr. 19, 2007).

In the present motion, Plaintiff submitted arguments and evidence similar to those previously provided – and that this Court previously rejected. Plaintiff has not shown an error of law, submitted newly discovered evidence, cited an intervening change in the controlling law, or presented a manifest injustice. Hence, the Court will deny Plaintiff's motion under Rule 59(e) to alter or amend summary judgment and also deny Plaintiff's motion under Rule 60 to vacate the summary judgment.

Accordingly, this Court **DENIES** Plaintiff's motion to alter or amend (DN 54).

**IT IS SO ORDERED.**

February 19, 2016

**Charles R. Simpson III, Senior Judge**
**United States District Court**